**STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS**

*In re* **N.B., J.B., and D.B.-1**

**No. 23-62** (Morgan County CC-33-2022-JA-28, CC-33-2022-JA-29, and CC-33-2022-JA-30)

## MEMORANDUM DECISION

Petitioner Father D.B.-2[1] appeals the Circuit Court of Morgan County's December 30, 2022, order terminating his parental rights to N.B., J.B, and D.B.-1,[2] arguing that the circuit court erred in denying him a post-adjudicatory improvement period and in terminating his parental rights instead of considering less restrictive alternatives. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In September 2022, the DHS filed a petition alleging that the petitioner abused and neglected the children based upon his alcohol abuse; physical, mental, and emotional abuse; exposure to domestic violence; and failure to provide safe and sanitary housing. Additionally, the petition alleged aggravated circumstances due to a chronic history of Child Protective Services ("CPS") investigations. According to the petition, law enforcement responded to a domestic violence incident at the home in August 2022. The mother had reportedly pointed a gun at the children and the petitioner. Upon investigation, the home was found to be in a deplorable and unsafe condition. Thereafter, the petitioner admitted to alcohol abuse; physical, mental, and emotional abuse; domestic violence; and a history of CPS investigations. The petitioner requested a post-adjudicatory improvement period. At an adjudicatory hearing in October 2022, the circuit court accepted the petitioner's admissions and found that he abused and neglected the children. The circuit court set the matter for disposition.

---

[1] The petitioner appears by counsel Clinton R. Bischoff. The West Virginia Department of Human Services appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Lee Niezgoda. Counsel Victoria B. Camardi appears as the children's guardian ad litem.

Additionally, pursuant to West Virginia Code § 5F-2-1a, the agency formerly known as the West Virginia Department of Health and Human Resources was terminated. It is now three separate agencies—the Department of Health Facilities, the Department of Health, and the Department of Human Services. *See* W. Va. Code § 5F-1-2. For purposes of abuse and neglect appeals, the agency is now the Department of Human Services ("DHS").

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e). Further, because the petitioner and one child share the same initials, we refer to them as D.B.-2 and D.B.-1, respectively.

The first dispositional hearing was held on November 4, 2022. At this hearing, the petitioner testified about his history of CPS investigations in Maryland and Pennsylvania dating back to 2014, during which he claimed to have completed anger management and parenting classes. Further, the petitioner admitted to willfully and knowingly violating multiple CPS safety plans and court orders that prohibited the children from having unsupervised contact with the mother despite claiming that he knew the children were not safe alone with her. The petitioner also admitted to being charged with domestic violence more than five times but denied ever physically harming the mother. The petitioner blamed the mother for instigating arguments and being the sole aggressor in their disputes. In addition, the petitioner denied abusing the children, despite his previous stipulation. Finally, the petitioner blamed the mother for his alcoholism and recounted an instance where he was arrested for driving under the influence while the children were in the car in 2020.

The final dispositional hearing was held in December 2022. At the conclusion of evidence, the circuit court denied the petitioner's motion for an improvement period finding that the petitioner was unlikely to substantially comply with the conditions of an improvement period because the previous interventions from social services agencies "did not alter the abuse and neglect inflicted upon the minor children." As such, the circuit court found that there was no less restrictive alternative to termination of the petitioner's parental rights because of the aggravated circumstances and because there was no reasonable likelihood that the conditions of abuse and neglect could be corrected in the near future. Accordingly, the circuit court terminated the petitioner's parental rights.[3] It is from the dispositional order that the petitioner appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Before this Court, the petitioner first argues that the circuit court erred in denying his motion for a post-adjudicatory improvement period because he demonstrated that he was likely to fully participate in the improvement period. *See* W. Va. Code § 49-4-610(2) (permitting a circuit court to grant an improvement period when an abusing parent demonstrates by clear and convincing evidence that he is likely to fully participate in the improvement period). We find no merit in this argument because the petitioner has failed to fully acknowledge his role in abusing and neglecting the children. *See In re Timber M.*, 231 W. Va. 44, 55, 743 S.E.2d 352, 363 (2013) ("Failure to acknowledge the existence of the problem . . . results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense." (quoting *In re Charity H.*, 215 W. Va. 208, 217, 599 S.E.2d 631, 640 (2004))). Though the petitioner admitted that he abused and neglected the children, he nonetheless refused to acknowledge his role in the conduct that resulted in the children's abuse and neglect. Throughout his testimony, the petitioner continued to deny that he physically abused the children and instead placed the blame solely on the mother. He also minimized domestic violence in the home explaining that the mother was the sole aggressor. And most notably, the petitioner refused to acknowledge the harm he caused the children by disregarding prior court orders and allowing the mother to be around the children unsupervised. Accordingly, we find that the circuit court did not err in denying the petitioner's request for a post-adjudicatory improvement period.

---

[3]The mother's parental rights were also terminated. The permanency plan for the children is adoption in their current placement.

2

Finally, the petitioner argues that it was error to terminate his parental rights instead of considering less restrictive alternatives. It is well established that

> [t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(d)] that conditions of neglect or abuse can be substantially corrected. Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). Here, evidence of the petitioner's repeated unsuccessful attempts to remedy the conditions of abuse of neglect was sufficient evidence for the circuit court to find that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future. *See* W. Va. Code § 49-4-604(d) (defining "no reasonable likelihood that conditions of neglect or abuse can be substantially corrected" as "an inadequate capacity to solve the problems of abuse or neglect on their own or with help"). In the years preceding this abuse and neglect petition, the petitioner had completed classes on anger management, parenting, and alcohol addiction, yet the conditions of abuse and neglect persisted. Additionally, the petitioner continuously allowed the mother to be around the children unsupervised in defiance of prior court orders, thereby jeopardizing the children's welfare. Accordingly, we find no error in the termination of the petitioner's parental rights. *See* W. Va. Code § 49-4-604(c)(6) (permitting termination of parental rights upon finding "there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the welfare of the child).

For the foregoing reasons, the circuit court's December 30, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: May 13, 2024


**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

3